KRAUSE *v.* McDERMOTT.

1. VENDOR AND PURCHASER — FRAUD — DURESS — TRUSTS — FORECLOSURE.

Vendors *held,* not entitled to foreclose contract in chancery on theory purchasers had been guilty of fraud or duress or that they sustained trust relationship toward vendors, after plaintiffs had assigned their interest to daughter who instituted suit against purchasers and settled with them by taking quitclaim deed, and thereafter reassigned contract and gave quitclaim deed to plaintiffs.

2. COSTS—BRIEFS.

No costs are awarded appellees upon affirmance of decree where they did not file a brief in this court.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted October 8, 1935. (Docket No. 6, Calendar No. 38,004.) Decided December 10, 1935.

Bill by Frederick L. Krause and wife against. Clair W. McDermott and wife and Elsie Krause to

foreclose a land contract and for other relief. Bill
dismissed. Plaintiffs appeal. Affirmed.

*William J. Palmer*, for plaintiffs.

NORTH, J. By their bill of complaint plaintiffs
seek foreclosure of a land contract in which defend-
ants McDermott are vendees. Testimony was taken
in circuit court and decree entered dismissing plain-
tiffs' bill of complaint. They have appealed.

In March, 1927, plaintiffs entered into a contract
with defendants McDermott for the sale of a two-
family apartment in Detroit. The purchase price
was $14,000, the down payment $1,000, and balance
payable in monthly installments of $90. The Mc-
Dermotts occupied one of the apartments and rented
the other. Vendees made certain contract payments
but by 1931 they were substantially in arrears, and
threatened to abandon performance of the contract.
Thereupon a new contract dated March 14, 1931,
was entered into between the parties. This contract
recited down payment of $4,000 and stated the un-
paid portion of the purchase price as being $10,000,
thereby reducing the actual purchase price. For
some time the vendees made payments under this
second contract but ultimately became again in de-
fault, and threatened to discontinue performance.
Plaintiffs allege in their bill of complaint that on
February 27, 1932, ''After considerable further de-
linquency, demands, threats and coercion on the part
of the defendant, Clair W. McDermott, these plain-
tiffs * * * credited the contract * * * with * * *
$1,000 which credit was given because of the threats
and coercion of the defendant, Clair W. McDermott,
and because of the promise of said Clair W. McDer-
mott that he would pay the interest then due and

continue further regular payments in accordance with the contract.''

Notwithstanding this additional concession the vendees failed to make the payments required by the terms of the contract. In August, 1932, plaintiffs, evidently in an effort to collect contract payments in arrears, executed an assignment of their vendors' interest in the contract to their daughter, Elsie Krause. Thereupon Elsie, through an attorney, instituted suit against defendants McDermott in the common pleas court. The result of this effort was that the McDermotts conveyed their vendees' interest to Elsie Krause by a quitclaim deed; and the suit was thereupon dismissed. Elsie immediately quitclaimed to plaintiffs and also assigned to them ''a certain land contract dated March 14, 1931,'' etc., this being the second contract between plaintiffs and the McDermotts.

It is the claim of the plaintiffs that the McDermotts are still liable as vendees on the original contract because plaintiffs assert the second contract was obtained through fraud and duress. But, plaintiffs claim, in any event, that defendants McDermott are liable on the second contract on the ground that all of the subsequent dealings were the result of fraud, deception and duress perpetrated by them on plaintiffs.

A careful review of this record fails to disclose testimony sustaining plaintiffs' contention. The case presents nothing more than the facts surrounding the consummation of a sale of property on contract, the subsequent depreciation in value of the purchased property, the inability or unwillingness of the vendees to pay the purchase price, their threats to discontinue payments and if necessary to resort to bankruptcy proceedings. Plaintiffs finally deter-

mined to resort to an action at law in an effort to collect payments in arrears, this being done through their daughter, Elsie, as an assignee of plaintiffs' contract interest. In this proceeding they had the benefit of an attorney's counsel. The suit at law was settled by the McDermotts' quitclaiming their interest in the contract property to Elsie. Thereafter Elsie quitclaimed the property to plaintiffs and assigned the land contract to them. After the McDermotts quitclaimed their interest in the property, plaintiffs took possession and collected rentals from tenants occupying the same. In their bill of complaint they ask to be permitted to continue in possession, but offer to account for the rental income.

As indicated above the testimony is not such as to entitle plaintiffs to relief on the ground of fraud or duress; and the facts surrounding the settlement of the suit at law, the surrender of the vendees' interest in the contract property together with the subsequent possession of the property and the appropriation of the income by the plaintiffs herein force the conclusion that plaintiffs, through their daughter, entered into an arrangement with defendants McDermott for the mutual cancellation of the respective rights of the vendors and the vendees in the outstanding land contract. In consequence thereof plaintiffs were not entitled to foreclosure. Plaintiffs' claim of relief, based at least in part on the theory that the McDermotts as contract vendees sustained a trust relation towards plaintiffs as vendors, is not well founded.

The decree entered in the circuit court is affirmed.

Appellees not having filed a brief in this court, no costs will be awarded.

POTTER, C. J., and TOY, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.